UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARSON WAYNE THOMAS (#392537)**                       CIVIL ACTION

**VERSUS**

**WARDEN JAMES LEBLANC, ET AL.**                        NO. 06-0968-C-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _9th_ day of July, 2008.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARSON WAYNE THOMAS (#392537)** | CIVIL ACTION |
| **VERSUS** | |
| **WARDEN JAMES LEBLANC, ET AL.** | NO. 06-0968-C-M3 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Carson Wayne Thomas, challenges his 50-year sentence, entered in 2003 upon re-sentencing on one count of armed robbery. The petitioner contends that the sentence is unconstitutional because it is higher than the original sentence entered prior to his successful application for post-conviction relief in state court and his subsequent re-sentencing.

The record reflects that the petitioner was charged in February, 1997, with one count of Armed Robbery and one count of Attempted First Degree Murder. After a trial by jury conducted in February 1998, the petitioner was found guilty of Armed Robbery and of the responsive offense of Attempted Second Degree Murder. He was sentenced on May 4, 1998, to serve thirty years at hard labor on the Armed Robbery charge and forty years at hard labor on the Attempted Second Degree Murder Charge, with these sentences to run consecutively. The petitioner appealed these convictions and sentences. On April 1, 1999, the convictions and sentences were affirmed by the Louisiana Court of Appeal for the First Circuit, State v. Thomas, 739 So.2d 1010 (La. App. 1st cir. 1999), and on October 15, 1999, the petitioner's application for supervisory review in the Louisiana Supreme Court was denied. State v. Thomas, 748 So.2d 463 (La. 1999).

In August, 2000, the petitioner filed an application for post-conviction relief in the state district court, asserting (1) that the dual convictions for Attempted Second Degree Murder and

Armed Robbery unconstitutionally subjected him to double jeopardy, and (2) that his counsel had been ineffective for having allowed him to be subjected to double jeopardy. The State thereafter conceded that the combined charges subjected the petitioner to double jeopardy, and the trial judge then vacated the conviction for Attempted Second Degree Murder and scheduled the petitioner for re-sentencing on the Armed Robbery conviction. On April 23, 2003, the petitioner was re-sentenced to serve fifty years at hard labor, without the benefit of probation, parole or suspension of sentence. A subsequent motion to reconsider sentence was denied by the trial court on May 6, 2003.

On October 11, 2003, the petitioner, through appointed appellate counsel, filed an out-of-time appeal, asserting as the single issue "it was error for the court to resentence the defendant after he had begun serving the sentence." On September 17, 2004, the Louisiana Court of Appeals for the First Circuit affirmed the petitioner's sentence, State v. Thomas, 885 So.2d 54 (La. App. 1st Cir. 2004), and on June 24, 2005, the Louisiana Supreme Court denied the petitioner's application for supervisory review. State ex rel. Thomas v. State, 904 So.2d 726 (La. 2005).

On August 25, 2005, the petitioner returned to state court and filed an application for post-conviction relief, asserting as the single issue that his constitutional rights were violated "when the trial court vindictively imposed a more severe sentence based on petitioner successfully attacking his conviction." This application was denied in the trial court on September 30, 2005, as repetitive. The petitioner sought supervisory review of this determination in the state appellate court, but his applications for such review were denied, on December 2, 2005 and September 29, 2006, respectively, with the Louisiana Supreme Court explicitly ruling that the issue was "not cognizable on collateral review and repetitive", citing Article 930.3 of the Louisiana Code of Criminal Procedure and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).

On December 18, 2006, the petitioner filed the instant habeas corpus application in this Court. The State asserts initially that the petitioner's claim is barred by the doctrine of procedural

default. The State further contends, in the alternative, that a deferential review of the state court proceedings and findings, as mandated by 28 U.S.C. § 2254(d) and (e), compels the conclusion that the petitioner's claim must be rejected.

Initially, it appears to this Court that the petitioner's claim, although technically exhausted, is subject to dismissal by reason of procedural default. In this regard, it appears that although the petitioner argued the instant claim in connection with a motion for reconsideration of his sentence in the state trial court, he failed to present this issue when he thereafter asserted his direct appeal, asserting on appeal only that the trial court had no authority to modify his sentence once he had begun serving it. When the petitioner thereafter attempted to assert the instant claim in an application for post-conviction relief in the state court, the court declined to address same on procedural grounds. When the petitioner sought supervisory review of this determination in the appellate courts, the Louisiana Supreme Court declined to address same upon an explicit procedural finding, inter alia, that the issue was not of constitutional magnitude as required for consideration in connection with an application for post-conviction relief, citing Article 930.3 of the Louisiana Code of Criminal Procedure and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996) (a claim of an excessive sentence is not cognizable on post-conviction relief application). Accordingly, the last state court to address the petitioner's claim clearly relied on a state procedural rule in denying consideration thereof.

When a state court decision to deny post-conviction relief rests on a state procedural ground that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's federal claims. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Moore v. Roberts, 83 F.3d 699 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner

ha[s] failed to meet a state procedural requirement." Coleman, supra, 501 U.S. at 729-730, 111 S.Ct. at 2554:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Id. at 731-32, 111 S.Ct. at 2554-55 (quoting Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)); Moore, supra, at 703. This rule applies even if the state court addresses the substance of the claim in the alternative. Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Fisher v. State, 169 F.3d 295, 300 (5th Cir. 1999).

For the independent and adequate state ground doctrine to apply, the state court adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state procedural rule. Moore, supra, at 702; Sones v. Harbett, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Id. The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, supra, 501 U.S. at 750, 111 S.Ct. at 2565; Moore, supra, at 702. The petitioner has made no attempt to satisfy these showings. Accordingly, this Court is precluded from considering the petitioner's claim.

Notwithstanding the foregoing, and substantively addressing the petitioner's in the alternative, the standard for review in this Court is that set forth in 28 U.S.C. § 2254. Specifically relevant is 28 U.S.C. § 2254(d)(1), which provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See also Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. See 28 U.S.C. § 2254(d)(1)-(2); Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. Montoya, supra, 226 F.3d at 404. See also Williams v. Taylor, supra, 529 U.S. at 409, 120 S.Ct. at 1521 (2000)("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The State contends, in the alternative, that applying this standard to the petitioner's claim, there is no basis for the granting of habeas relief.

The petitioner bases his claim of vindictiveness in re-sentencing on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In Pierce, the Court held that constitutional Due Process is implicated and vindictiveness is a legitimate concern when, after a successful attack upon a conviction or sentence, a petitioner is re-sentenced to a more onerous

term of confinement. In such case, in order to support the more severe sentence, the record must reflect the basis for the increase in penalty in order to overcome a presumption of vindictiveness. Subsequent cases, however, have clarified that a presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial. Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). Rather, the courts have recognized that "[t]he evil the [Pearce] court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but the potential "vindictiveness of a sentencing judge" on re-sentencing. Id. Accordingly, the presumption of vindictiveness only applies in circumstances where there is a reasonable likelihood that the increased sentence is the product of actual vindictiveness on the part of the sentencing authority. Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Where there is no such reasonable likelihood, the burden remains with the defendant to prove actual vindictiveness. Id.

In addition to the foregoing, and as applicable to the instant case, the courts have recognized that a "sentencing package" imposed in connection with multiple related convictions is generally the product of a wide array of fact-sensitive factors. United States v. Campbell, 106 F.3d 64 (5th Cir. 1997). Accordingly, the Fifth Circuit has adopted the "aggregate approach" to re-sentencing where one or more convictions forming a part of an interrelated "sentencing package" have been overturned. Id. In such instance, on re-sentencing, "the district court's job ... is to reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal." Id. Where the resulting sentence is less than the original sentence imposed, there is no presumption of vindictiveness. Id. ("The sentence on remand was plainly less severe than the original sentence, and therefore under the aggregate approach ..., the Pearce presumption does not arise.").

In the instant case, the petitioner's original sentencing package was for a total term of seventy years, i.e., consecutive terms of forty and thirty years. Upon vacation of one of the

convictions, the petitioner was re-sentenced to a term of fifty years on the remaining conviction. Accordingly, it is clear that the new sentence "was plainly less severe that the original sentence", and therefore, there is no presumption of vindictiveness under Pearce, and the petitioner's claim in this regard must fail.   United States v. Campbell, supra.

Based upon the foregoing, this Court concludes that the petitioner's application for habeas corpus relief in this Court is without merit and should be dismissed.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice.

Baton Rouge, Louisiana, this 9th day of July, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE